IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BILL GENE THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, MIKE MAHONEY, Warden; DON BERRYMAN, Habilitative Services; ROSS SWANSON, Deputy Warden; MYRON BEESON, Associate Warden; KEN INGLE, Director R.A.C.; and JOHN DOE,<br><br>Defendants. | CV 05-48-H-DWM<br><br><br><br>ORDER |

On October 4, 2005, United States Magistrate Judge Carolyn S. Ostby filed Findings and Recommendation in this matter. Thomas did not file timely objections and is therefore not entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Thomas filed a Complaint under 42 U.S.C. § 1983, claiming that he and other inmates were denied access to materials necessary to practice their religion, Asatru Odinism. In addition to his Complaint, Thomas filed a motion for temporary restraining order asking that Defendants be prohibited from retaliating against him for exercising his odinist beliefs and that he and others be allowed to freely exercise their right to worship.

Judge Ostby recommends that Thomas' motion for temporary restraining order be denied because Thomas does not explain the efforts he has made to notify the Defendants that he is moving for a restraining order against them as required by Federal Rule of Civil Procedure 65(b)(2), and does not allege facts sufficient to show a likelihood of success of the merits of his Complaint, the possibility of irreparable injury, or a balance of hardships tipping in his favor. Thomas responded after the time for objection had passed by requesting appointment of counsel.

I find no error in Judge Ostby's conclusion that Thomas' motion for temporary restraining order should be denied. Thomas has not described for this Court whether he has tried to notify the Defendants of his motion, and notification of the Defendants is required. Further, Thomas' general requests are sufficiently addressed by existing law and there appears to be no reason for a restraining order in this case.

Thomas' request for appointment of counsel must also be denied for purposes of his motion for temporary restraining

order. There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). However, the court may appoint counsel to represent an indigent litigant under § 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); See Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action). With respect to his motion for temporary restraining order, Thomas has not shown the requisite combination of probable success on the merits and an inability to articulate his claims pro se in light of the legal issues involved. It is premature to say whether the same is true with respect to Thomas' Complaint in general. Thus, for purposes of this motion, Thomas' request for appointment of counsel will be denied with leave to renew later if appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Judge Ostby's Findings and Recommendation (**dkt #12**) are adopted in full.

2. Thomas' motion for temporary restraining order (**dkt #6**) is

DENIED.

3. Thomas' request for appointment of counsel (**dkt #14**) is DENIED.

DATED this 10th day of August, 2006.

DONALD W. MOLLOY, Chief Judge
United States District Court