IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BILL GENE THOMAS,  )<br> )<br>    Plaintiff,  )<br> )<br>vs.  )<br> )<br>MONTANA STATE PRISON, MIKE MAHONEY,)<br>Warden; DON BERRYMAN, Habilitative  )<br>Services; ROSS SWANSON, Deputy  )<br>Warden; MYRON BEESON, Associate  )<br>Warden; KEN INGLE, Director R.A.C.;  )<br>and JOHN DOE,  )<br> )<br>    Defendants.  )<br>_____) | Cause No. CV 05-48-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE<br>JUDGE TO DISMISS |

This matter is pending on Plaintiff's Amended Complaint alleging that Defendants have denied him and others access to the texts, tools and land appropriate for "Asatru Odinist" worship. (Document 21, p. 5). Thomas is a state prisoner proceeding pro se.

On February 9, 2006, the Court issued an Order pointing out a number of deficiencies in Plaintiff's original Complaint (Document 2) and allowing Plaintiff to file an Amended Complaint. Plaintiff was advised that his original Complaint failed to state a claim upon which relief could be granted. He was told that the Amended Complaint would "operate as a complete substitute for (rather than a mere supplement to)" his original complaint. (Document 16, p. 9). Plaintiff has now filed an Amended Complaint (Document 21) and an Affidavit in support of that Amended Complaint. (Document 23).

**I. Thomas's Allegations**

In his Amended Complaint, Thomas indicates that he brings this case pursuant to the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE TO DISMISS / PAGE 1

Religious Land Use and Institutionalized Persons Act (RLUIPA).  He asserts that he has been denied access to reasonable texts, tools and land appropriate for "Asatru Odinist" worship. (Document 21, p. 5, ¶ IV(A)(1)).  Thomas argues that since June 10, 2004, he and other members of the Odinist group at Montana State Prison (MSP) have been thwarted in their attempts to become recognized as an approved religious offender organization and to gain access to land for use in their religious services.  He contends that they have been denied equal treatment and equal use of the facilities.  He also contends that he has been personally threatened on more than one occasion. (Id.).

## II. Analysis

Thomas's Amended Complaint fails to correct the deficiencies pointed out by the Court's February 9, 2006 Order. (Document 16).

### A. First Amendment Free Exercise Violation and RLUIPA

The Court set forth the law under both the First Amendment Free Exercise Clause and RLUIPA for Plaintiff in its previous order.  Both require a showing that each defendant "burdened the practice" of Plaintiff's religion. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997)(Free Exercise); Cutter v. Wilkinson, 544 U.S. 709 (2005)(RLUPIA).

Thomas was specifically advised that his original Complaint did not identify any tenet or belief central to his religion or any practice that is mandated by his religion.  He was also advised that he failed to explain how his lack of access to certain materials constituted a substantial interference with such a tenet or belief. (Document 16, p. 5).

With regard to the RLUIPA claim, Plaintiff was advised that he had to "explain what practices or materials he requires for the exercise of his religion, identify those practices or materials he is not given access to, and explain what effect that deprivation has on his ability to

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE TO DISMISS / PAGE 2

practice his religion." (Document 16, p. 7).

Plaintiff failed to correct these deficiencies in his Amended Complaint.  Specifically, he did not sufficiently identified a specific tenet, belief, practice or materials central to his religion that he was denied and he did not explain the effect of that deprivation on his ability to practice his religion.  Plaintiff did make one reference to being denied access to land for use in his religion, but did not explain the effect of that denial on his ability to practice his beliefs.  Plaintiff also attached a large amount of materials on the Odinist practices but again he did not detail what specifically he was being denied and how that affected the practice of his religion.

Accordingly, Plaintiff failed to state a claim for relief under the Free Exercise Clause of the First Amendment and under RLUIPA.

### B. Equal Protection

Thomas was specifically advised by the Court that he had not shown that the remarks of the Defendants had substantially burdened his ability to exercise his religion or prevented him from engaging in conduct essential to his religion.  Again, if Thomas and his group were deprived of some benefit or subjected to some burden because of their religion, he might state a claim for violation of the Equal Protection Clause.  However, Thomas was advised that verbal abuse does not suffice to show a constitutional violation.  Despite this advice, Thomas only alleged verbal abuse by Defendants.  He failed to allege a denial of some benefit or being burdened because of his religion.  Accordingly, his equal protection claim must fail.

## III. Conclusion

Plaintiff was advised that his original Complaint failed to state a claim on which relief may be granted because he had not alleged facts to support the elements of his claims.  Although, the Court pointed out the problems with the original complaint, Thomas' amended complaint did not

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE TO DISMISS / PAGE 3

correct those deficiencies.  Plaintiff has still failed to alleged facts sufficient to support the elements of his claims.

Accordingly, the Court enters to the following:

## RECOMMENDATION

That the Complaint and Amended Complaint be dismissed without prejudice for failure to state a claim on which relief may be granted, and that Plaintiff's filing should count as one strike against him, pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after entry of this Findings and Recommendation as indicated on the Notice of Electronic Filing attached hereto, or objection is waived.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION WITHOUT FURTHER NOTICE.**

DATED this <u>1st</u> day of March, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge