FILED
MISSOULA, MT

2007 APR 4 AM 9 45

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| BILL GENE THOMAS, | ) | CV 05-48-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA STATE PRISON, MIKE MAHONEY, warden; DON BERRYMAN, Habilitative Services; ROSS SWANSON, Deputy Warden; MYRON BEESON, Associate Warden; KEN INGLE, Director R.A.C.; and JON DOE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Thomas, a state prisoner, has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of the First Amendment Free Exercise Clause and the Equal Protection Clause because the Montana State Prison denied him access to texts, tools and land necessary for religious worship. Thomas also pleads a claim under the Religious Land Use and Institutionalized

-1-

Persons Act (RLUIPA).

United States Magistrate Judge Carolyn S. Ostby conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Ostby found that Thomas failed to state a claim upon which relief could be granted. Regarding the Free Exercise and RLUIPA claims, she noted that Thomas failed to identify any tenet or practice central to his "Asatru Odinist" faith and failed to explain how the denial of access to land or materials interfered with such a tenet or practice. The Magistrate concluded that Thomas failed to state an Equal Protection claim because he alleged no disparate treatment other than verbal abuse, which is not sufficient to support an Equal Protection claim. Having advised Thomas of the deficiencies in his Complaint, Judge Ostby allowed him to file an Amended Complaint. (Doc. No. 16, Order dated February 9, 2006.)

Thomas filed an Amended Complaint on April 4, 2006 (Doc. No. 21). United States Magistrate Judge Keith Strong reviewed the Amended Complaint and found that Plaintiff Thomas failed to cure the problems with claims alleged in the original Complaint. Judge Strong noted that Thomas once again failed to identify any tenet or practice of the Asatru Odinist faith, and did not

describe any policy or conduct affecting the practice of his religion. The Magistrate also found that Thomas again failed to allege any disparate treatment other than verbal abuse in support of his Equal Protection claim. Based on these findings Judge Strong recommended that the Amended Complaint be dismissed without prejudice for failure to state a claim. (Doc. No. 26, Findings and Recommendations dated March 1, 2007.)

Plaintiff Thomas did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's recommendation and adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff Thomas' filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 4 day of April, 2007.

Donald W. Molloy, Chief Judge
United States District Court